

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 31, 2018

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Todd Howe,* **16 Cr. 632 (VEC)**

Dear Judge Caproni:

    The Government writes in response to the Court's order dated July 26, 2018 (Docket No. 53). The Government respectfully submits that the bail conditions proposed in paragraphs 11 and 12 of defendant Todd Howe's July 25, 2018 letter are appropriate and consistent with the Bail Reform Act.

    The release conditions specified in Title 18, United States Code, Section 3142 contemplate conditions that restrict personal associations, preclude contact with victims and potential witnesses and allow the Court to craft other reasonable conditions. *See* 18 U.S.C. § 3142(1)(B)(iv), (1)(B)(v) and (1)(B)(xiv). Because sentencing remains pending for all of the defendants Mr. Howe cooperated against, the Government believes it is appropriate to require that Mr. Howe not interact with his co-conspirators and/or those involved in the conduct at issue.[1] Such a condition is often imposed in multi-defendant cases, and is appropriate here, in particular, given the longstanding relationships between Mr. Howe and many involved in the *United States v. Percoco* and *United States v. Kaloyeros* matters. In addition, in light of Mr. Howe's use of electronic devices, including cellular phones and computers, to engage in the multiple frauds to which he pleaded guilty, the Government believes the additional restrictions on his email and phone communications, which preclude Mr. Howe from communications other than those necessary to find legitimate employment, address any medical issues and/or communicate with his family and his counsel, are appropriate in this case. Furthermore, as the Court is aware, Mr. Howe, through counsel, proposed and continues to consent to these conditions.

---

[1] Condition 11 is not intended to preclude Mr. Howe's communications with his counsel and/or immediate family. To the extent the Court limits paragraph 11 to preclude communications with co-conspirators, witnesses, victims and others with direct knowledge of, or interactions related to, the relevant cases, the parties consent to those revisions.

2

Finally, in response to the Court's request, Mr. Howe's presentence interview date has been rescheduled, and will be conducted on August 1, 2018.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: /s Janis Echenberg
    Janis Echenberg
    Robert Boone
    David Zhou
    Matthew Podolsky
    Assistant United States Attorneys
    (212) 637-2597/2208/2438/1947

cc: Rich Morvillo (via ECF)